NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ELADIO CRUZ, | : | |
| Plaintiff, | : | Civil Action No. 05-cv-5448 (PGS) |
| V. | : | |
| UNITED STATES OF AMERICA, | : | OPINION |
| Defendant. | : | |

**SHERIDAN, U.S.D.J.**

This is a motion by the United States to dismiss petitioner's Habeas Corpus petition filed pursuant to 28 U.S.C. § 2255. The government seeks to dismiss the petition on two grounds: namely the petition was not filed within the statutory time period; and the relief sought is not available to petitioner. The motion to dismiss is **granted.**

I.

Petitioner, Eladio Cruz ("Petitioner" or "Cruz") was arrested on April 27, 2001 and indicted April 30, 2001 for conspiring to distribute and to possess with the intent to distribute more than 50 grams of crack cocaine. Cruz pled guilty on September 27, 2001.

On June 24, 2002, petitioner was sentenced to 292 months incarceration. Petitioner's appeal was dismissed on April 17, 2003, and he never filed a petition for certiorari. He filed a petition pursuant to 28 U.S.C. § 2255 on November 17, 2005.

The United States argues that Cruz failed to timely file this petition. Pursuant to the statute,

a one year period of limitation generally applies to a motion filed under 28 U.S.C. § 2255. In this case, the one year period commenced on the date on which the defendant's time for filing a petition for certiorari review expired. *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999). That is, a defendant had ninety days from the date on which the appellate court affirmed the judgment of conviction to file a petition for a writ of certiorari. *Id.* at 570-71, fn. 13 (citing Supreme Court Rule 13); *see also Griffith v. Kentucky*, 479 U.S. 314, 321, n. 6. This is in accord with the ruling of the Supreme Court where it held that: "By 'final' we mean a case in which a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." *Griffith* at 479 U.S. at 321.

In the instance case, Petitioner's appeal was dismissed on April 17, 2003 and he failed to file a petition for certiori within the following ninety day period (July 16, 2003). Thus, Cruz's right to file this petition expired on July 16, 2004. Cruz did not file his petition until November 17, 2005 - sixteen months late.

II.

In his papers, Petitioners admit his petition was filed late, but argues several different theories why his petition should be considered timely. Each is considered below.

First, the petitioner contends that the government "impeded" his filing of the habeas application. Under the statute, the one year time period may run from the date of the removal of an impediment created by the government which acted in violation of the Constitution or statute. 28 U.S.C. §2255. In this case, petitioner's arguments are ambiguous. The petitioner seems to argue that the government impeded his application in three ways. First, the defendant argues that the participation of the federal government in several unrelated cases in which the government argued

against certain relief which plaintiff believes support his cause constitute an impediment. That is, the mere fact that the government was involved in the cases of *United States v. Apprendi*, 530 U.S. 466 (2000)[1], *United States v. Booker,* 543 U.S. 220 (2005); *Sheppard v. United States*, 544 U.S. 13 (2005) and *Blakely v. Washington*, 542 U.S. 296 (2004)[2], constitute an impediment. This argument lacks merit. The Government's participation in those cases is both legal and is in furtherance of its constitutional obligations. 28 U.S.C. §2855. Simply stated, participation in an unrelated criminal case by the government is not an impediment as envisioned by Congress. Second, defendant references the *Booker* decision. The plaintiff contends that if *Booker* were applied to his case, his sentence may be lessened since the judiciary now has discretion to deviate from the sentencing guidelines, i.e. *Booker* should be applied retroactively. Suffice it to say, this issue has been conclusively decided by the Third Circuit. *Lloyd v. United States*, 407 F. 3d 608 (3d Cir. 2005). In *Lloyd*, the court held that a new rule of criminal procedure is not applicable to those cases which were finalized beforehand, unless they are "watershed rules" which implicate fundamental fairness and accuracy. *Lloyd*, 407 F. 3d at 611, 613. In *Lloyd*, the Third Circuit held that although *Booker* was a new rule, but it was not of "watershed" proportion. Accordingly, it was not retroactively applied.

Thirdly, Petitioner argues that this court has broad equitable powers and discretion to entertain the petition even if untimely filed. The Court interprets this to mean that he requests relaxation of the one year time frame for equitable reasons. Such relief may be allowed in certain

---

[1]     Reliance on *Apprendi* is suspect since it was decided prior to petitioner's plea.

[2]     Assuming reliance on *Blakely* is correct. It was decided on June 24, 2004, more than a year prior to petitioner's filing.

rare circumstances. *See, Jones v. Morton*, 195 F. 3d 153 (3d Cir. 1999). Plaintiff presents no extraordinary circumstances warranting exercise of the Court's equitable powers.

Motion is granted. Petition is dismissed with prejudice.

_____<br>
PETER G. SHERIDAN, U.S.D.J.